UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY C. RUFF,

        Petitioner

    v.                                      C-1-04-14

WANZA JACKSON,

        Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254.  The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 19) recommending that petitioner' Motion for Summary Judgment (doc. no. 8) be denied  and petitioner's objections thereto (doc. no.21).

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Lebanon Correctional Institute in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  This matter is before the Court for a ruling on petitioner's motion for summary judgment.  (Doc. 8).  It is hereby RECOMMENDED that the petitioner's summary judgment motion (doc. 8) be DENIED.

...

2

Habeas corpus petitions are generally decided on the record, without an evidentiary hearing, in chronological order from the oldest to the most recently filed. Because motions for summary judgment in habeas corpus proceedings usually require the same record-based review of the merits of the petitioner's grounds for relief, they ordinarily should be considered at the time the case is ripe for disposition based upon the order in which the petition was filed.

As justification for taking his case out of chronological order, petitioner contends that respondent has violated Rules 4 and 5 of the Rules Governing § 2254 Cases in the District Courts, 28 U.S.C. foll. § 2254, in that respondent has allegedly failed to timely answer petitioner's habeas corpus petition.

Respondent was directed, by Order of the Court dated January 21, 2004, to file a response to the petition on or before March 21, 2004. (Doc. 2). Respondent requested and was subsequently granted an extension of time until April 5, 2004 to file its response. (Docs. 4, 5). On March 24, 2004 respondent filed a motion to dismiss the petition as time-barred. (Doc. 6). Petitioner filed a response objecting to respondent's motion to dismiss on April 6, 2004. (Doc. 7). On February 10, 2005, the Court issued a Report recommending that the motion to dismiss be granted in part and denied in part. (Doc. 9). Also, on February 10, 2005, the Court entered an Order directing respondent to answer, within forty (40) days, the grounds for relief that were not subject to dismissal as time-barred. (Doc. 10). Respondent filed its answer addressing the claims on March 21, 2005. (Doc. 15).

3

Rule 4 of the Rules Governing § 2254 Cases in the District Courts, 28 U.S.C. foll. § 2254 (effective Dec. 1, 2004), and the Advisory Committee Notes thereto, both provide that when issuing an order to respond to a petition for a writ of habeas corpus, it is well within the discretion of the court to permit and consider a response in the form of a motion to dismiss.

Rule 4 states "the judge must order the respondent to file an answer, *motion*, or other response within a fixed time, *or to take other action the judge may order*." (emphasis added). The Advisory Committee Notes to original Rule 4 (1976) explain that although "[i]t has been suggested that an answer should be required in every habeas proceeding . . . under § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Advisory Committee Notes to Rule 4, 1976 Adoption*, relying approvingly on *Allen v. Perini*, 424 F.2d 131, 141 (6th Cir. 1970). Additionally, the Advisory Committee Notes discussing the amended Rule 4 (2004) clearly state that "[t]he amended rule reflects that the response to a habeas petition may be a motion." *Advisory Committee Notes to Rule 4, 2004 Amendments*.

Rule 5(a) of the Rules Governing § 2254 Cases in the District Courts, 28 U.S.C. foll. § 2254 (effective Dec. 1, 2004), reinforces the discretion afforded the court to consider a motion to dismiss prior to requiring an answer from a respondent in a habeas proceeding. Rule 5(a) provides that "[t]he respondent is

not required to answer the petition unless a judge so orders." As explained by the Advisory Committee Notes to Rule 5:

> The revised rule [5(a)] does not address the practice in some districts, where the respondent files a pre-answer motion to dismiss the petition. But revised Rule 4 permits that practice and reflects the view that if the court does not dismiss the petition, it may require (*or permit*) the respondent to file a motion.

**Advisory Committee Notes to Rule 5, 2004 Amendments** (emphasis added).

Petitioner seeks relief in the form of summary judgment. Even assuming, *arguendo*, that petitioner is correct in his assertion that respondent failed to timely reply to his petition, the relief petitioner seeks is unavailable. Granting petitioner summary judgment on the basis of respondent's untimely response would be "tantamount to granting petitioner a default judgment which is relief that is unavailable in habeas corpus proceedings." *Alder v. Burt*, 240 F.Supp.2d 651, 677 (E.D. Mich. 2003) (<u>relying on</u> *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)).[1]

---

[1] *See also Lemmons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir. 1985) ("Default judgment is an extreme sanction that is disfavored in habeas corpus cases."); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases."); *Mahaday v. Cason*, 222 F.Supp.2d 918, 921 (E.D. Mich. 2002) ("A default judgment is unavailable in a habeas corpus proceeding on the ground that state officials fail to file a timely response to the petition.").

5

Accordingly, in sum, the Court concludes that the respondent's filing of a motion to dismiss was proper and in compliance with Rules 4 and 5 of the Rules Governing § 2254 Cases in the District Courts, 28 U.S.C. foll. § 2254. Further, the Court concludes that respondent's answer to Ground Five of the petition as directed by this Court's February 10, 2005 Order was timely in that it was filed within the forty (40) day limit imposed by the Court. Finally, the Court concludes that the summary judgment relief sought by petitioner is both unwarranted and unavailable on the asserted grounds.

## CONCLUSION

Upon careful consideration of the petitioner's objections, and upon conducting a *de novo* review of the record, especially in light of petitioner's objections, the Court finds that petitioner's contentions have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge that petitioner's Motion for Summary Judgment should be denied.

- 6 -

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS** his Report and Recommendation dated June 29, 2005. The petitioner's Motion for Summary Judgment (doc. no. 8) is **DENIED**. Denial of the Motion at this time, however, shall not preclude the Court from considering the arguments asserted by petitioner in support of his motions upon final adjudication of the merits of his remaining claims for relief.

**IT IS SO ORDERED.**

                                                  s/Herman J. Weber
                                        Herman J. Weber, Senior Judge
                                        United States District Court